# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

CHARLES DAVIN WILLIAMS,

    Plaintiff,

v.

PARKER-HANNIFIN CORPORATION,

    Defendant.

Case No. 1:16cv412

District Judge Michael R. Barrett
Magistrate Judge Stephanie Bowman

## OPINION AND ORDER

This matter is before the Court on the April 10, 2017 Report and Recommendation ("R&R") of the Magistrate Judge, which recommends granting Defendant's Motion for Summary Judgment. (Doc. 26). Plaintiff timely filed his Objection to the Report on April 13, 2017. (Doc. 27). Defendant filed a reply to Plaintiff's Objection. (Doc. 28).

## I.    PROCEDURAL BACKGROUND/FACTS

Plaintiff brings this action against his former employer, Defendant Parker-Hannifin Corporation. Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2). He alleges that he was discriminated against because of his race and age. The Magistrate Judge's R&R recites the facts in great detail and the same will not be repeated here except as necessary to address Plaintiff's objections.

In recommending granting Defendant's motion for summary judgment, the Magistrate Judge concluded that Plaintiff failed to establish his discrimination claims through indirect evidence. *See White v. Baxter Healthcare Corp.*, 533 F.3d 381, 391 (6th Cir. 2008).

## II. STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a petitioner appearing *pro se* will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III. ANALYSIS

Plaintiff appears to raise the following objections to the Magistrate Judge's R&R: 1) the Magistrate Judge giving more weight to Defendant's statements than his; 2) the Magistrate Judge stating that Cy French was the plant manager at Eaton; 3) the Magistrate Judge's conclusion that Plaintiff failed to show he was replaced and that he was treated differently; and 4) the Magistrate Judge's conclusion with respect to the mileage policy. (*See generally* Doc 27). Plaintiff's objections are unpersuasive.

First, Plaintiff objects to "the magistrate taking the lies from Parker and making this recommendation as if their words are true and mine are false." (Id. at PageID 726). Plaintiff appears to possess a fundamental misunderstanding of what the Court can consider when deciding a motion for summary judgment. In response to a motion for summary judgment, "a plaintiff cannot rely on 'mere allegations' with respect to each standing element, 'but must set

forth by affidavit or other evidence specific facts . . .' " *McKay v. Federspeil*, 823 F.3d 862, 867 (6th Cir. 2016) (internal citations omitted). Other evidence includes depositions, documents, electronically stored information, declarations, stipulations, admissions, and interrogatory answers. Fed. R. Civ. P. 56(c). Here, the Magistrate Judge did not take Defendant at its word. Rather, she relied on evidence submitted in support of Defendant's arguments. (*See e.g.* Docs. 18, 19-1, 19-2, 19-3, 19-4, 19-5, 19-6, 19-7, 19-8). Plaintiff, on the other hand, failed to produce any evidence, relying instead on mere allegations in support of his arguments. Allegations do not constitute evidence properly considered at the summary judgment stage. Accordingly, Plaintiff's objections on this point are **OVERRULED**.

Plaintiff next objects to the Magistrate Judge stating that Cy French was the plant manager at the Eaton plant, alleging instead that he was the plant manager at Brookville. The undisputed *evidence* presented, however, establishes Mr. French is currently the plant manager at Parker's Eaton, Ohio tube fitting facility. (Doc. 19-5 at ¶ 4). Regardless, this fact is not material to the Magistrate Judge's conclusion and does not change the outcome. Plaintiff's objection is **OVERRULED**.

Plaintiff also objects to the Magistrate Judge's conclusion that Plaintiff failed to show he was replaced and that he was treated differently. Plaintiff argues he "gave many examples of how [he] was discriminated against because of [his] race and age. These examples clearly showed [he] was treated differently than other employees in the company." (Doc. 27, PageID 726). He asserts once again that Defendant never hired someone to replace him because of this lawsuit. He provides no evidence in support of his argument. Plaintiff's perfunctory statement is nothing more than a theory, and does not constitute evidence for the Court's consideration. As for his examples of discrimination, he states he can provide additional evidence at trial.

However, he has provided no evidence to date, and his conclusory allegations are not sufficient to defeat summary judgment. Thus, Plaintiff's objection is **OVERRULED**.

Finally, Plaintiff objects "to mileage policy the magistrate insinuates that is was only violated in one part." (Doc. 27, PageID 727). He seems to contend the entire policy, as opposed to just his reimbursement for travel to Columbus, Ohio, was violated. He argues there are emails to prove the mileage policy was changed for him. Once again, he failed to produce the emails he so vehemently argues exist. Rather, as the Magistrate Judge explained, the mileage policy applied to Plaintiff is consistent with Defendant's written Global Travel Policy on Travel and Related Business Expenses. (Doc. 19-4). Moreover, Johns and Reeves both averred in their affidavits that the policy applied to Plaintiff was the same policy applied to Plaintiff's predecessor. (Doc. 19-1 at ¶ 18; Doc. 19-3 at ¶ 14). While Plaintiff argues this is not true, he provides no evidence to the contrary. Accordingly, Plaintiff's objection on this point is **OVERRULED**.

It is worth noting that Plaintiff also appears to object to the R&R in its entirety. (Doc. 27, PageID 727-28). General objections to the entirety of the magistrate judge's report have the same effect as a failure to object. *Howard*, 932 F.2d at 509. Consequently, the Court finds that Plaintiff's objection to the R&R in this regard is without merit and is insufficient to direct the Court's attention to any particular issues contained therein.

IV.     **CONCLUSION**

Consistent with the foregoing, Plaintiff's Objections (Doc. 27) are **OVERRULED** and the Magistrate Judge's R&R (Doc. 26) is **ADOPTED** in its entirety. Accordingly, it is hereby **ORDERED** that Defendant's Motion for Summary Judgment (Doc. 19) is **GRANTED**.

Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.  This matter shall be **CLOSED** and **TERMINATED** from the docket of this Court.

      **IT IS SO ORDERED**.

                                  s/*Michael R. Barrett*
                                  Michael R. Barrett, Judge
                                  United States District Court